IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MAX PHARR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-256 (MTT) |
| | : | |
| CEDRIC TAYLOR, Warden, | : | |
| | : | Proceeding under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent Cedric Taylor has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely filed according to the provisions of the Antiterrorism and Effective Death Penalty Act of 199, 28 U.S.C. § 2244(d). Doc. 14. Because Petitioner failed to file his petition within the one-year period of limitations and because he has failed to establish that he is entitled to equitable tolling or the actual innocence exception, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and that the instant petition be **DISMISSED**.

FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 1994, a Bibb County Grand Jury returned a three-count indictment against Petitioner Max Pharr. Doc. 16-1. Count One charged Petitioner with kidnapping with bodily injury, Count Two charged Petitioner with rape, and Count Three charged Petitioner with entering an automobile. Id. On June 23, 1995, Petitioner pleaded guilty but mentally ill to Count Two, and Counts One and Three were nolle prossed. Id. Petitioner was sentenced to life imprisonment. Id. Despite being told by his attorney that a direct appeal would be filed, Petitioner did not file a direct appeal. Doc. 6-2.

1

On July 30, 2002, Petitioner filed a state habeas corpus petition. Doc. 16-2. In his state petition, Petitioner raised fifteen grounds, including that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel. Id.; Doc. 16-3. Following an evidentiary hearing, Petitioner's state petition was denied on May 7, 2004. Doc. 16-3. In denying the state petition, the state habeas court made the following findings of fact: upon appointment to Petitioner's case, counsel conducted an extensive investigation into the facts and circumstances surrounding the charges. Id. at 3. Counsel interviewed witnesses and examined all of the evidence against Petitioner. Id. The evidence against Petitioner included a signed confession, video surveillance of the parking lot depicting Petitioner abducting a young woman and taking her car, and DNA evidence showing that Petitioner committed the crime. Id. at 4. The victim also identified Petitioner in a police line-up and a voice identification line-up. Id.

During the course of representation, counsel became aware of Petitioner's mental health issues. Id. at 3. Counsel therefore filed a petition for a psychological evaluation, which was conducted at Central State Hospital. Id. Because counsel was not satisfied with the results of the report, he hired an independent psychological evaluator, Dr. Christopher Tillitski, to review Petitioner's medical records. Id. at 3-4. Dr. Tillitski's evaluation indicated that Petitioner was able to assist in his defense. Id. at 4. In its findings of fact and review of the record, the state habeas court determined that Petitioner's guilty plea was constitutional and that Petitioner did not receive ineffective assistance of counsel. Doc. 16-3.

Following the denial of his state petition, Petitioner filed an application for a certificate of probable cause to appeal with the Supreme Court of Georgia. See Doc. 16-4. Petitioner's application was denied on January 11, 2005. Doc. 16-4. Petitioner filed a motion to withdraw his guilty plea in the Superior Court of Bibb County, which was dismissed as untimely on August 3,

2010. See Doc. 6-1. Petitioner then filed an application for discretionary appeal in the Supreme Court of Georgia on August 30, 2010. Doc. 6-2. On September 17, 2010, the Supreme Court of Georgia transferred Petitioner's application to the Court of Appeals of Georgia. Id. Petitioner contends that his application is still pending, but there does not appear to be any active or inactive cases regarding Petitioner in the Court of Appeals of Georgia.

Petitioner filed his federal habeas corpus petition in this Court on July 5, 2012 (Doc. 1), and amended petitions on July 23, 2012 (Doc. 6) and August 31, 2012 (Doc. 12). On October 9, 2012, Respondent filed the instant Motion to Dismiss. Doc. 14.

## DISCUSSION

Petitioner's Section 2254 petition essentially alleges that his guilty plea was unconstitutional because he is actually innocent. Although Petitioner does not contend that he did not commit the crime for which he was convicted, Petitioner claims that the evidence shows that he did not have the requisite culpable state of mind due to his mental illness. Specifically, Petitioner contends that the psychological report prepared by Dr. Tillitski indicates that he was mentally incompetent. Respondent contends that Petitioner's Section 2254 petition should be dismissed because Petitioner failed to submit his petition within the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Because Petitioner failed to file his petition within the one-year period of limitations and because Petitioner has failed to establish that he is entitled to equitable tolling or the actual innocence exception, the instant petition must be dismissed.

### The AEDPA Statute of Limitations

On April 24, 1996, the AEDPA went into effect, establishing a one-year period of limitations for federal habeas corpus petitions. See Pope v. Secretary for Dept. of Corrections,

680 F.3d 1271, 1281 (11th Cir. 2012) (citing Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998)). A petitioner whose conviction became final before the AEDPA went into effect had a one-year period after the enactment of the AEDPA in which he could timely file a federal habeas corpus petition. Wilcox, 158 F.3d at 1211. As such, a petitioner whose conviction became final before April 24, 1996 had until April 23, 1997 to timely file a federal habeas corpus petition. Id.

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a state motion for post-conviction relief, the statutory tolling of the one-year time period begins. 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his Section 2254 petition within the one-year statutory requirement. A conviction becomes final when the state's highest court denies or declines to review a petitioner's appeal. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek direct review, the conviction becomes final when the time to seek direct review has expired. See id. at 1299-3000; Gonzalez v. Thaler, 312 S.Ct. 641, 656 (2012). Petitioner entered his guilty but mentally ill plea on June 23, 1995. Petitioner did not file a direct appeal. Pursuant to O.C.G.A. § 5-6-38, Petitioner had thirty days following his plea to file a direct appeal. Petitioner's time to seek direct review therefore expired and his conviction became final on July 23, 1995.

Because Petitioner's conviction became final before the enactment of the AEDPA, Petitioner had until April 23, 1997 to timely file his federal habeas corpus petition. Petitioner did not file his federal habeas petition until July 5, 2012, over fifteen years after his time to file a

4

federal habeas corpus petition had expired. Additionally, because Petitioner's state habeas corpus petition was not filed until July 30, 2002, there was no time left to toll the limitations period. Petitioner's subsequent attacks on his guilty plea did not statutorily toll the limitations period, as they too were filed well after the time to file a federal petition had expired.

Equitable Tolling

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

The failure of Petitioner's attorney to file an appeal after informing Petitioner that he would do so may constitute an extraordinary circumstance. Although "a garden variety of excusable neglect," such as missing a filing deadline, does not constitute an extraordinary circumstance, attorney abandonment may constitute an extraordinary circumstance. Holland v. Florida, 130 S.Ct. 2549, 2563-65 (2010). As such, the attorney's failure to file an appeal or inform Petitioner otherwise may constitute an extraordinary circumstance in this case.

Petitioner has failed to show, however, that he diligently pursued his rights after it became apparent that the appeal was not filed. Although equitable tolling does not require maximum feasible diligence, a petitioner must show reasonable diligence in pursuing his rights.

Id. at 2565. To establish diligence, a petitioner must present evidence showing reasonable efforts to file a timely action. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004). In this case, Petitioner has not presented any evidence that he attempted to pursue his rights during the seven years between entering his guilty plea in 1995 and filing his state habeas corpus petition in 2002. Additionally, Petitioner has failed to show that he pursued his rights for an additional five years between the denial of his state habeas petition in 2005 and the filing of his motion to withdraw his guilty plea in 2010. As such, Petitioner has failed to show that he is entitled to equitable tolling.

    Petitioner has also failed to show that he is entitled to equitable tolling based on his mental illness. Although mental incapacity may justify equitable tolling, the mere contention that a petitioner suffers from mental illness is insufficient to justify equitable tolling. Lawrence v. Florida, 421 F. 3d 1221, 1227 (11th Cir. 2005), affirmed, 549 U.S. 327. To justify equitable tolling based on mental incapacity, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Id. at 1226-27. A petitioner alleging mental incapacity maintains the burden of showing that he diligently pursued his rights. See Doe v. United States, 469 Fed. Appx. 789, 800-01 (11th Cir. 2012); Myers v. Allen, 420 Fed. Appx. 924, 927-28 (11th Cir. 2011). As discussed above, Petitioner has failed to show that he diligently pursued his rights. Moreover, Petitioner has failed to establish a causal connection between his mental illness and his ability to timely file his petition. As such, Petitioner has failed to show that he is entitled to equitable tolling based on his mental illness.

Actual Innocence

    Petitioner's Section 2254 petition is founded on his claim that he is actually innocent of the crimes because he did not have the requisite culpable state of mind based on his mental

illness. Petitioner's claim of actual innocence is based on Dr. Tillitski's report completed prior to the entry of Petitioner's guilty plea. Because Petitioner has failed to present new evidence that was unavailable at the time of his guilty plea, he has failed to show that he is entitled to the actual innocence exception.

The Eleventh Circuit has distinguished three types of actual innocence claims in habeas corpus cases: (1) actual innocence itself as the constitutional basis for the habeas petition, (2) actual innocence as a "gateway" to allow the consideration an otherwise procedurally defaulted claim; and (3) actual innocence as a gateway to allow the consideration an otherwise time-barred claim. Rozzelle v. Secretary, Florida Dept. of Corrections, 672 F.3d 1000, 1010-11 (11th Cir. 2012).

Federal habeas relief is not available for freestanding, non-capital claims of actual innocence. Id. at 1010 (citing Herrera v. Collins, 506 U.S. 390, 400 (1993); Jordan v. Secretary, Dept. of Corrections, 485 F.3d 1351, 1356 (11th Cir. 2007)). As such, relief generally is not available for the first type of actual innocence claims. See id. Actual innocence may be pleaded, however, to serve as a gateway to assert an otherwise barred claim. Id. "To successfully plead actual innocence, a petitioner must show that his conviction resulted from a constitutional violation." Id. (internal quotations omitted).

The standards for establishing actual innocence as a gateway for procedurally defaulted and for time-barred claims are essentially identical.[1] To establish an actual innocence claim, a

---

[1] It is not conclusively established in the Eleventh Circuit that the actual innocence exception is available for otherwise time-barred Section 2254 claims. In Rozzelle, the district court issued a certificate of appealability as to "whether there is an actual innocence exception that will equitably toll the AEDPA's statute of limitations, and, if so, whether that exception should be available to a petitioner who has failed to pursue his innocence claim diligently." Id. at 1009. Without deciding whether the Suspension Clause creates an actual innocence exception for a time-barred petition, the Eleventh Circuit determined that the petitioner must first meet the threshold of stating an actual innocence claim. Id. at 1012; See also Johnson v. Florida Dept. of Corrections, 513 F.3d 1328, 1333 (11th Cir. 2008).

petitioner must (1) present *new* reliable evidence that was not presented at trail, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in view of the new evidence. Id.; Schlup v. Delo, 513 U.S. 298, 324 (1995). The actual innocence standard is demanding and permits a review only in an extraordinary case. Schlup, 513 U.S. at 327 (internal quotations omitted). Additionally, the actual innocence exception is "exceedingly narrow in scope," and the petitioner must show that he is factually innocent rather than legally innocent to meet the exception. Johnson, 513 F.3d at 1334. Although it has not been established in this circuit, mental incapacity may constitute actual innocence. See Rozzelle, 672 F.3d at 1014 (citing Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999)).

Although Petitioner in this case does not assert that he did not commit the crime for which he was convicted, Petitioner claims that the evidence shows that he did not have the requisite culpable state of mind due to his mental illness. Specifically, Petitioner contends that the psychological report prepared by Dr. Tillitski indicates that he was mentally incompetent at the time of his crimes. Petitioner appears to assert all three types of actual innocence claims. Petitioner contends that actual innocence is the basis for his petition as well as an excuse for his procedural default and his untimely filing. Liberally construing Petitioner's claims, the Court finds that Petitioner is attempting to assert actual innocence as a gateway to consider his claim that his guilty plea was constitutionally defective. Because Petitioner has not presented new evidence that was unavailable at the time of his guilty plea, he had failed to show that he is entitled to the actual innocence exception. As such, the instant petition is time-barred.

Petitioner's actual innocence claim relies upon the findings in Dr. Tillitski's report that Petitioner suffered hallucinations, heard voices, and had sleepwalking problems manifesting at a young age. Petitioner's evidence is not new, however. Dr. Tillitski's report was considered at the

time the trial judge accepted Petitioner's guilty plea and sentenced Petitioner. The report was also considered by the state habeas court. As such, Petitioner has failed to present new evidence sufficient to meet the stringent actual innocence standard.

## CONCLUSION

Because Petitioner failed to file his Section 2254 petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling or the actual innocence exception, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** and the instant Section 2254 petition be **DISMISSED.**

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge