**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MAX PHARR,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:12-CV-256 (MTT)** |
| ) | |
| **CEDRIC TAYLOR, Warden,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## ORDER

Before the Court is the Petitioner's motion to proceed on appeal *in forma pauperis* and motion for certificate of appealability.  (Doc. 29).  On June 25, 2013, the Petitioner filed a notice of appeal (Doc. 25) of this Court's Order (Doc. 23) adopting the Report and Recommendation of Magistrate Judge Charles H. Weigle (Doc. 21) denying his petition for a writ of habeas corpus.  In that prior Order, the Court denied the Petitioner a certificate of appealability because he had not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

With regard to the Petitioner's motion for certificate of appealability, Rule 11(a) of the Rules Governing Section 2254 Cases requires the Petitioner to make a substantial showing of the denial of a constitutional right before the Court grants a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Here, although the Petitioner alleges his constitutional rights have

been violated, the Petitioner has not made a "substantial showing" of a denial of a constitutional right.  Moreover, "[i]f the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."[1]  Rule 11(a), Rules Governing Section 2254 Cases. The Court has denied the Petitioner a certificate of appealability once already. Accordingly, his present motion is also **DENIED.**

Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In the Court's judgment, the Plaintiff cannot in good faith appeal the denial of his habeas petition because he has not been granted a certificate of appealability.  Consequently, the Plaintiff's motion to proceed *in forma pauperis* is also **DENIED**.

Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, pursuant to

---

[1] The Relevant portion of the Rule states as follows:
 (b) Certificate of Appealability.
 (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings.  If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.
 (2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.  If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.

Rule 24[2] of the Federal Rules of Appellate Procedure.

        **SO ORDERED**, this 16th day of July, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The relevant portion of the Rule states as follows:

 (a) Leave to Proceed In Forma Pauperis.

    (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

        (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

        (B) claims an entitlement to redress; and

        (C) states the issues that the party intends to present on appeal.

    (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

    (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

        (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

        (B) a statute provides otherwise.

    (4) Notice of District Court's Denial. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

        (A) denies a motion to proceed on appeal in forma pauperis;

        (B) certifies that the appeal is not taken in good faith; or

        (C) finds that the party is not otherwise entitled to proceed in forma pauperis.

    (5) Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).